UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. **5:24-CR-125**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | INDICTMENT |
| | ) | |
| KEAVIN JAWAHN THOMPSON | ) | |
| a/k/a "Kev" | ) | |

The Grand Jury charges that:

## COUNT ONE

Beginning in or about 2019, the exact date being unknown to the Grand Jury, and continuing up to and including August 22, 2022, in the Eastern District of North Carolina, and elsewhere, the defendant, KEAVIN JAWAHN THOMPSON, also known as "Kev," did knowingly and intentionally combine, conspire, confederate, agree and have a tacit understanding with other persons, known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with the intent to distribute four hundred (400) grams or more of a mixture containing fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

## COUNT TWO

On or about April 13, 2022, in the Eastern District of North Carolina, the defendant, KEAVIN JAWAHN THOMPSON, also known as "Kev," did knowingly and intentionally distribute a quantity of a mixture containing fentanyl, a Schedule

1

II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE

On or about April 19, 2022, in the Eastern District of North Carolina, the defendant, KEAVIN JAWAHN THOMPSON, also known as "Kev," did knowingly and intentionally distribute a quantity of a mixture containing fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOUR

On or about July 22, 2022, in the Eastern District of North Carolina, the defendant, KEAVIN JAWAHN THOMPSON, also known as "Kev," did knowingly and intentionally distribute a quantity of a mixture containing para-fluorofentanyl, a Schedule I controlled substance, and fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIVE

On or about August 10, 2022, in the Eastern District of North Carolina, the defendant, KEAVIN JAWAHN THOMPSON, also known as "Kev," did knowingly and intentionally distribute ten (10) grams or more of a mixture containing para-fluorofentanyl, a Schedule I controlled substance, and a quantity of a mixture containing fentanyl, a Schedule II, controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2

## COUNT SIX

On or about August 16, 2022, in the Eastern District of North Carolina, the defendant, KEAVIN JAWAHN THOMPSON, also known as "Kev," did knowingly and intentionally distribute a quantity of a mixture containing fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SEVEN

On or about August 22, 2022, in the Eastern District of North Carolina, the defendant, KEAVIN JAWAHN THOMPSON, also known as "Kev," did knowingly and intentionally possess with intent to distribute one hundred (100) grams or more of a mixture containing para-fluorofentanyl, a Schedule I controlled substance, and four hundred (400) grams or more of a mixture containing fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]

3

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any felony violation of the Controlled Substances Act charged herein, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense.

Upon conviction of any violation of the Gun Control Act, the National Firearms Act, or any other offense charged herein that involved or was perpetrated in whole or in part by the use of firearms or ammunition, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and/or 26 U.S.C. § 5872, as made applicable by 28 U.S.C. § 2461(c), any and all firearms and ammunition that were involved in or used in a knowing or willful commission of the offense, or, pursuant to 18 U.S.C. § 3665, that were found in the possession or under the immediate control of the defendant at the time of arrest.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section

4

853(p), to seek forfeiture of any other property of said defendant up to the value of

the forfeitable property described above.

**REDACTED VERSION**

Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

DATE: 4/17/2024

MICHAEL F. EASLEY, JR.
United States Attorney

BY: CAROLINE L. WEBB
Assistant United States Attorney